```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
                                                      :
ANN ZEAK, as Executor of the Estate of                :
Steven Sullivan,                                      :
                                                      :
                              Plaintiff,              :      11 Civ. 4253 (KPF)
                                                      :
                       v.                             :      OPINION AND ORDER
                                                      :
UNITED STATES OF AMERICA,                             :
                                                      :
                              Defendant.              :
                                                      :
------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: January 20, 2015

KATHERINE POLK FAILLA, District Judge:

On June 22, 2011, Plaintiff Ann Zeak, the daughter of decedent Steven Sullivan, filed a complaint alleging medical malpractice, negligent hiring and retention, and failure to obtain informed consent. These claims were brought under the Federal Tort Claims Act (the "FTCA"), 28 U.S.C. §§ 1346, 2671-2680, against the United States of America (the "Government"), because the hospital at which Sullivan died was operated by the United States Department of Veteran Affairs (the "VA").

On March 10, 2014, the Government moved for summary judgment concerning Plaintiff's claims of medical malpractice and failure to obtain informed consent. (Dkt. #35). Plaintiff's opposition was filed on May 9, 2014 (Dkt. #48); and the Government filed its reply submission on May 23, 2014 (Dkt. #50). By Opinion and Order dated October 20, 2014, the Court granted the Government's motion. *See Zeak* v. *United States*, No. 11 Civ. 4253 (KPF),

2014 WL 5324319 (S.D.N.Y. Oct. 20, 2014). (Dkt. #51).[1] Among other things, the Court concluded that the report and testimony of Plaintiff's expert witness did not permit Plaintiff to make out a prima facie case of medical malpractice under either a traditional theory or a failure to obtain informed consent theory. *Id.* at *9-13. Of particular significance to the instant motion, the Court noted that the Government had not addressed, and the Court had therefore not considered, Plaintiff's claim of negligent hiring and retention, and scheduled a pretrial conference at which this remaining claim could be discussed. *Id.* at *13.

The pretrial conference was held on November 24, 2014. In advance of that conference, the Government submitted a pre-motion letter seeking leave to move for summary judgment. (Dkt. #52). At the conference, counsel for the Government observed that what had been an oversight (i.e., the failure to move with respect to the negligent hiring and retention claim) was actually a fortuity:

> In hindsight, I think it sort of turns out that it's almost a logical order of business that once the Court has made a determination as to the core of malpractice that did or did not occur or whether the plaintiff met her burden of moving forward on that claim, the Court can sort of as a second order of business decide whether the negligent retention claim is derivative of malpractice and since, at least as I understand it under the cases we cite, I think, as a matter of law the plaintiff cannot show that she's entitled to a trial on negligent hiring and supervision.

---

[1]  Familiarity with the facts detailed, and conclusions reached, in the Court's October 20, 2014 Opinion and Order is assumed. For convenience, the Government's submission in connection with the instant motion is referred to as "Def. Br." (Dkt. #57), and the Plaintiff's response is referred to as "Pl. Ltr." (Dkt. #60).

(Transcript of November 24, 2014 Conference at 7-8 (Dkt. #58)). Counsel for Plaintiff similarly suggested that "it makes sense to have another round of motions to flush out the issues and then once the Court makes a decision and then we'll file an appeal, we'll go to the Second Circuit." (*Id.* at 4). At the conclusion of the conference, the Court set a briefing schedule for the second summary judgment motion. (*Id.* at 11; *see also* Dkt. #54 (scheduling order)).

The Government filed its motion papers on December 8, 2014. (Dkt. #55-57). In its Preliminary Statement, the Government summarized its arguments as follows:

> First, a claim for negligent hiring can only succeed if there is an underlying finding of malpractice, and now that the Court has dismissed the plaintiff's malpractice claims, it should also dismiss the negligent hiring claim. Second, there is no evidence to show, as required, that the alleged negligence occurred outside of the VA surgeons' employment with the United States. Finally, there is no evidence showing that the Government was on notice that the surgeons were likely to commit malpractice (and they did not) during the operation.

(Def. Br. 1). Plaintiff's counsel responded by letter dated January 9, 2015, in which he advised that "I have concluded, after much effort on behalf of my client, that I do not have grounds to oppose defendant's motion for summary judgment on the negligent hiring and retention claim." (Pl. Ltr. 1).

## DISCUSSION

### A. Applicable Law

Under Fed. R. Civ. P. 56(a), summary judgment may be granted only if all the submissions taken together "show that there is no genuine issue as to any

3

material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp.* v. *Catrett*, 477 U.S. 317, 322 (1986); *Anderson* v. *Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).

The moving party bears the initial burden of demonstrating "the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323. A fact is "material" if it "might affect the outcome of the suit under the governing law," and is genuinely in dispute "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248; *see also Jeffreys* v. *City of New York*, 426 F.3d 549, 553 (2d Cir. 2005) (citing *Anderson*). The movant may discharge this burden by showing that the nonmoving party has "fail[ed] to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322; *see also Selevan* v. *N.Y. Thruway Auth.*, 711 F.3d 253, 256 (2d Cir. 2013) (finding summary judgment appropriate where the non-moving party fails to "come forth with evidence sufficient to permit a reasonable juror to return a verdict in his or her favor on an essential element of a claim" (internal quotation marks omitted)).

If the moving party meets this burden, the nonmoving party must "set out specific facts showing a genuine issue for trial" using affidavits or otherwise, and cannot rely on the "mere allegations or denials" contained in the pleadings. *Anderson*, 477 U.S. at 248, 250; *see also Celotex*, 477 U.S. at 323-24; *Wright* v. *Goord*, 554 F.3d 255, 266 (2d Cir. 2009). The nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material

facts," *Matsushita Elec. Indus. Co.* v. *Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (internal quotation marks omitted), and cannot rely on "mere speculation or conjecture as to the true nature of the facts to overcome a motion for summary judgment," *Knight* v. *U.S. Fire Ins. Co.*, 804 F.2d 9, 12 (2d Cir. 1986). Furthermore, "[m]ere conclusory allegations or denials cannot by themselves create a genuine issue of material fact where none would otherwise exist." *Hicks* v. *Baines*, 593 F.3d 159, 166 (2d Cir. 2010) (internal quotation marks and citations omitted).

**B.  Application**

Plaintiff explicitly elected not to oppose the instant summary judgment motion. The Second Circuit has made clear that "the opponent to such a motion is free to ignore it completely, thereby risking the admission of key facts and leaving it to the court to determine the legal merits of all claims or defenses on those admitted facts[.]" *Jackson* v. *Fed. Exp.*, 766 F.3d 189, 196 (2d Cir. 2014). "Even when unopposed, a motion for summary judgment should be granted only when the moving party has met its burden of establishing no genuine dispute of material fact and its entitlement to judgment as a matter of law." *Levitant* v. *City of New York Human Res. Admin.*, 558 F. App'x 26, 30 (2d Cir. 2014) (summary order) (citing *Vt. Teddy Bear Co., Inc.* v. *1-800 Beargram Co.*, 373 F.3d 241, 244 (2d Cir. 2004)).

Reviewing carefully the Government's claims, and considering them along with the Opinion and Order in the previous motion, the Court agrees with the Government that summary judgment is warranted as to Plaintiff's negligent

hiring and retention claim. First, the Government is correct that because the negligent hiring and retention claim is predicated on an underlying tort of medical malpractice, the Court's prior grant of summary judgment in favor of the Government on that claim vitiates Plaintiff's ability to bring this derivative claim. (Def. Br. 5-6). As the Second Circuit has observed:

> To state a claim for negligent supervision or retention under New York law, in addition to the standard elements of negligence, a plaintiff must show: [i] that the tort-feasor and the defendant were in an employee-employer relationship; [ii] that the employer "knew or should have known of the employee's propensity for the conduct which caused the injury" prior to the injury's occurrence; and [iii] that the tort was committed on the employer's premises or with the employer's chattels.

*Ehrens* v. *Lutheran Church*, 385 F.3d 232, 235 (2d Cir. 2004) (internal citations omitted); *see also Coffey* v. *City of New York*, 853 N.Y.S.2d 551, 552-53 (1st Dep't 2008) ("Recovery on a negligent hiring or retention theory requires a showing that the employer was on notice of the relevant tortious propensities of the wrongdoing employee." (citations omitted)). Lacking a predicate tort, Plaintiff cannot proceed with the derivative claim of negligent hiring and retention. *See Cotter* v. *Summit Sec. Servs., Inc.*, 788 N.Y.S.2d 153, 154 (2d Dep't 2005) ("Since all other causes of action asserted in the complaint should have been dismissed, the remaining cause of action alleging negligent hiring and training also should have been dismissed as there was no evidence that the defendant Marino Munoz, who was employed by the defendant Summit Security Services, Inc., committed the torts upon which the remaining cause of action was based."); *see also Romano* v. *SLS Residential, Inc.*, 812 F. Supp. 2d 282, 295

6

(S.D.N.Y. 2011) (noting that summary judgment on a negligent hiring claim was premature, where plaintiffs could not prove as a matter of law that they had suffered an underlying tort).

The Government is similarly correct that Plaintiff's negligent hiring and supervision claim fails because Plaintiff cannot show that the alleged malpractice occurred outside the scope of the surgeons' employment at the VA. (Def. Br. 6-7). New York State courts have explained that

> Generally, where an employee is acting within the scope of his or her employment, thereby rendering the employer liable for any damages caused by the employee's negligence under a theory of respondeat superior, no claim may proceed against the employer for negligent hiring or retention. This is because if the employee was not negligent, there is no basis for imposing liability on the employer, and if the employee was negligent, the employer must pay the judgment regardless of the reasonableness of the hiring or retention or the adequacy of the training.

*Karoon* v. *N.Y.C. Transit Auth.*, 659 N.Y.S.2d 27, 29 (1st Dep't 1997) (citations omitted); *see also Velez* v. *City of New York*, 730 F.3d 128, 136-37 (2d Cir. 2013) ("To maintain a claim against a municipal employer for the 'negligent hiring, training, and retention' of a tortfeasor under New York law, a plaintiff must show that the employee acted 'outside the scope of her employment.'" (citations omitted)); *cf. Doe* v. *Guthrie Clinic, Ltd.*, 22 N.Y.3d 480, 485 (2014) ("In cases where an injured plaintiff's cause of action fails because the employee is acting outside the scope of employment, a direct cause of action against the medical corporation for its own conduct, be it negligent hiring, supervision or other

negligence, may still be maintained." (citing *Judith M.* v. *Sisters of Charity Hosp.*, 93 N.Y.2d 932, 934 (1999)).

Finally, the Government is correct that Plaintiff has not demonstrated that the VA "'knew or should have known of the employee's propensity for the conduct which caused the injury' prior to the injury's occurrence." *Ehrens*, 385 F.3d at 235. (Def. Br. 7-8). Indeed, Plaintiff did not even allege the requisite knowledge in her Complaint. This is a third, independent basis for dismissal of the negligent hiring and retention claim. *See, e.g.*, *Doe* v. *Guthrie Clinic, Ltd.*, 519 F. App'x 719, 721 (2d Cir. 2013) (summary order) (upholding dismissal of negligent supervision claim where "the complaint does not allege facts sufficient to present a plausible claim that the defendants knew or should have known of any propensity on the part of [an employee of the defendant clinic] to violate her duty to maintain the confidentiality of patient medical records"); *John B.* v. *Allegro Vivace Music Sch., Inc.*, 979 N.Y.S.2d 531, 532 (2d Dep't 2014) (affirming grant of summary judgment as to negligent supervision claim because "[a] necessary element of such a cause of action is that the employer knew or should have known of the employee's propensity for the conduct which caused the injury," and plaintiff had failed to raise a triable issue of fact as to this element).

## CONCLUSION

For the reasons discussed herein, the Government's motion for summary judgment is GRANTED. The Clerk of Court is directed to terminate Docket Entry 55 and close the case.

SO ORDERED.

Dated:    January 20, 2015
         New York, New York

_____
   KATHERINE POLK FAILLA
   United States District Judge